IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JAMES HUBERT POTTS, | ) | |
| | ) | Civil No. 05-980-MO |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF OREGON, et al., | ) | |
| | ) | OPINION AND ORDER |
| Respondents. | ) | |

James Hubert Potts
#8157786
Snake River Correctional Institution
777 Stanton Blvd.
Ontario, Oregon 97914-8335

    Petitioner, *Pro Se*

Hardy Myers
Attorney General
Lynn David Larsen
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254. Because petitioner did not obtain authorization from the Ninth Circuit prior to filing this action, the court is without jurisdiction to entertain it.

## BACKGROUND

On February 5, 1999, petitioner was convicted of Sodomy in the First Degree, Sexual Abuse in the First Degree, and Using a Child in the Display of a Sexually Explicit Act. Respondent's Exhibit 101. These convictions resulted in an aggregate sentence of 245 months imprisonment. Id.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed the trial court without opinion. State v. Potts, 163 Or.App. 209, 985 P.2d 242 (1999). Petitioner did not petition the Oregon Supreme Court for review, and the appellate judgment issued on December 2, 1999. Respondent's Exhibit 103.

Petitioner did not seek state post-conviction relief, but filed a federal habeas corpus action (Potts v. Hill, et al., CV. 02-962-AA) on July 22, 2002 challenging the same state court Judgment which he challenges here. On April 5, 2005, Judge Aiken dismissed CV. 02-962-AA on the basis that the action was not timely. Respondent's Exhibits 105 & 106. The Ninth Circuit Court of Appeals denied a certificate of appealability on June 24, 2004, and the U.S. Supreme Court denied certiorari on March 21, 2005. Respondent's Exhibits 107 & 108.

2 - OPINION AND ORDER

Petitioner filed the current habeas corpus action on June 27, 2005. Respondents timely filed an Answer and Response to the Petition in which they argue that the Petition should be denied either because it is improperly successive, or because it is untimely. When petitioner failed to file his supporting memorandum contemplated by the Scheduling Order, the court ordered him to show cause why his case should not be dismissed for the reasons identified in Respondents' Response. Petitioner has timely responded to the court's Order to Show Cause.

## DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") generally prohibits the filing of "second or successive" habeas corpus petitions. 28 U.S.C. § 2244(b). A habeas corpus petition is considered "second or successive" if a district court adjudicated the first petition on the merits. Hill v. State of Alaska, 297 F.3d 895, 899 (9th Cir. 2002). Dismissal of a habeas petition on timeliness grounds is considered an adjudication on the merits. Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A three-judge panel from the Ninth Circuit will only allow a petitioner to file a second or successive habeas corpus petition if: (1) the

3 - OPINION AND ORDER

petitioner's claim relies on a new constitutional rule made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered by due diligence, and the facts would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the petitioner guilty of his underlying offense.  28 U.S.C. § 2244(b)(2).

Petitioner received a merits decision on his Petition in CV. 02-962-AA when Judge Aiken dismissed that action as untimely.  See Altman, *supra*.  In addition, petitioner's prior and current habeas corpus cases "contest[] the same custody imposed by the same judgment of a state court.  As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his second challenge.  Because he did not do so, the District Court [is] without jurisdiction to entertain it."  Burton v. Stewart, 127 S.Ct. 793, 796 (2007).  Accordingly, the Petition is dismissed.

## CONCLUSION

The Petition for Writ of Habeas Corpus (#2) is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED.

DATED this __22nd__ day of April, 2007.

                                     /s/Michael W. Mosman
                                     Michael W. Mosman
                                     United States District Judge